

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH/MTK          *271 Cadman Plaza East*
F. #2016R00308   *Brooklyn, New York 11201*

October 3, 2018

<u>By Hand Delivery and ECF</u>

Allegra Glashausser
Samuel I. Jacobson
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

> Re:  United States v. Bernard Augustine
>      <u>Criminal Docket No. 18-393 (SJ)</u>

Dear Ms. Glashausser and Mr. Jacobson:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.  <u>The Government's Discovery</u>

   A.  <u>Statements of the Defendant</u>

   Enclosed please find the following documents that contain statements, summaries of statement, and/or pedigree information provided by the defendant:

- Portions of Federal Bureau of Investigation ("FBI") reports reflecting statements of the defendant (Bates No. BA0000001-BA0000018)

- Portions of spreadsheet of SMS and MMS messages reflecting statements of the defendant (Bates No. BA0000019-BA0000024)

- Photographs of electronic messages reflecting statements of the defendants (Bates No. BA0000025-BA0000030)

- Letter, dated June 23, 2016, reflecting statements made by the defendant (Bates No. BA0000031- BA0000034)

- Email, dated February 21, 2016, reflecting statements made by the defendant (Bates No. BA0000035-BA0000036)

B.  The Defendant's Criminal History

The defendant has no known criminal history.

C.  Documents and Tangible Objects

Enclosed please find the following documents:

- Photographs of the defendant (Bates No. BA0000037-BA0000040)

- Photographs of items found in the possession of the defendant (Bates No. BA0000041-BA0000072)

- Property receipt for (1) Dell Inspiron computer and (2) Sony Handycam (Bates No. BA0000073)

- Search warrant and application, dated March 16, 2016, for a Dell Inspiron computer (Bates No. BA0000074-BA0000096).

- Search warrants and application, dated June 10, 2016, for (1) Facebook account "Bernard.augustine.96'" (2) Yahoo account "bernardaugustine6991@yahoo.com"; and (3) Google account "bernardaugustine6991@gmail.com" (Bates No. BA0000097-BA0000154).

- Records received from Facebook, related to the account "Bernard.augustine.96" (Bates No. BA00000155-BA00000200).

- Records received from Facebook, related to the account "Bernard.augustine.376" (Bates No. BA00000201-BA00000207).

- Records received from Fareportal, related to the defendant (Bates No. BA00000201-BA00000207).

- Records received from Turkish Airlines related to Turkish Airlines Flight #80 (Bates No. BA00000218-BA00000224).

- Records received from Disqus, related to the account "https://disqus.com/by/thelonedanger/" (Bates No. BA00000225).

- Records received from Google, related to the account "bernardaugustine6991@gmail.com" (Bates No. BA00000226-BA00000227).

- Records received from Yahoo, related to the account "bernardaugustine6991@yahoo.com" (Bates No. BA00000228-BA00000229).

- Records received from T-Mobile, related to MSISDN: 2094276028 (Bates No. BA00000230).

- Records received from Wells Fargo Bank NA, related to the defendant (Bates No. BA00000231).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. At present, the government anticipates calling (1) an expert to testify about the examinations of certain electronic devices; and (2) an expert regarding the Islamic State and al-Sham ("ISIS") and other foreign terrorist organizations. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

      G.      <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.2 and 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim (1) a defense of insanity or (2) a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.      <u>Future Discussions</u>

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

          Very truly yours,

          RICHARD P. DONOGHUE
          United States Attorney

By:    <u>/s/ Craig R. Heeren</u>
          Craig R. Heeren
          Michael T. Keilty
          Assistant U.S. Attorney
          (718) 254-6467

Enclosures

cc:    Clerk of the Court (SJ) (by ECF) (without enclosures)