UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA

              -against-                                   **MEMORANDUM OF LAW**
                                                                   18-CR-393 (SJ)

BERNARD AUGUSTINE,

              Defendant
--------------------------------------------------------X

## MOTION FOR A BILL OF PARTICULARS

Bernard Augustine is charged in a one count indictment with attempting to provide material support and resources to a foreign terrorist organization ("FTO"), namely the Islamic State of Iraq and al-Sham ("ISIS"), knowing that it was a designated foreign terrorist organization and that the organization had engaged and was engaging in terrorist activity and terrorism in violation of 18 USC § 2339B(a)(1).

Mr. Augustine, through undersigned counsel, moves for an order for a bill of particulars. This motion is based upon the memorandum of law, the attached declaration, the files and records in this case, and any additional evidence that may become available to the Court.

### ARGUMENT

**I.    A BILL OF PARTICULARS IS NECESSARY WHEN AN INDICTMENT LACKS SPECIFICITY AND A DEFENDANT IS NOT ON NOTICE OF THE NATURE OF THE PENDING CHARGES**

Federal Rule of Criminal Procedure 7(f) authorizes a court to "direct the government to file a bill of particulars." The Second Circuit has concisely set forth its purpose: "A bill is appropriate to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to

interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).

The Supreme Court has held that an indictment must, at a minimum, provide sufficient specific information not only to allow a defendant to plead jeopardy in a later prosecution, but also to allow a defendant to prepare his defense and ascertain what facts were presented to the grand jury. It must also clearly set forth the basis for federal jurisdiction over the charged crimes and must inform the Court of the facts alleged, so that the Court can determine the sufficiency of the charge. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Although it is generally sufficient to use the words of the charging statute, the indictment must pin down the specific conduct at issue. "Undoubtedly, the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-118; *see also Resendiz-Ponce*, 549 U.S. at 109 ("[W]hile an indictment parroting the language of the federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity."). If an indictment lacks specificity as required under Rule 12(b)(2), it is the defendant's job to "apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why in the circumstances, greater specificity is required." *United States v. Crowley*, 236 F.3d 104, 106 (2d. Cir. 2000); *see also* Fed. R. Crim. P. 12(b)(3)(B)(iii) (defenses, objections, and requests based on lack of specificity in the indictment or information must be made in a pretrial motion).

## II. THE INDICTMENT, COMPLAINT, AND DISCOVERY MATERIALS IN THIS CASE FAIL TO PROVIDE ADEQUATE NOTICE OF THE CHARGES AGAINST MR. AUGUSTINE

### A. The Indictment Fails to Provide Notice of the Type of Support and Resources Mr. Augustine is Charged With Attempting to Provide

The sole count of the indictment alleges that Mr. Augustine "did knowingly and intentionally attempt to provide material support and resources, as defined in 18, United States Code, Section 2339A(b), *including* personnel, *including* Augustine himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham." Indictment ¶ 1, Dkt. No. 15 (emphasis added).  This language fails to apprise Mr. Augustine of what types of material support and resources he is charged with attempting to provide. Although the complaint suggests that the sole allegation is self-provision ("namely, personnel (himself)"), Dkt. No. 1 at 1, the indictment leaves the door open to other, as-yet-unknown forms of support ("*including* personnel, *including* . . . himself"), Dkt. No. 15 ¶ 1.

This hedging language is especially troubling given the many forms of liability available under the statute:

> [T]he term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

18 USC 2339A(b).  The government has provided no indication as to whether Mr. Augustine has to defend against allegations of attempting to provide one, some, or all of these forms of support or resources.  Thus, the indictment plainly violates Mr. Augustine's right to fair notice of the charges he faces and is defective for its lack of specificity.  *See* Fed. R. Crim. P. 12(b)(3)(B)(iii).

3

B. The Indictment, Complaint, and Discovery Fail to Provide Notice of Whether and How Mr. Augustine Was Attempting to Work Under a Foreign Terrorist Organization's Direction or Control

The present indictment, the complaint, and the discovery in this case all fail to explain how the government will proceed with the requirement that they prove Mr. Augustine's coordination with an FTO. The statute provides:

> No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 USC § 2339B(h). The government has failed to plead in the indictment this statutory requirement of "direction or control" under subsection (h). And the complaint and the discovery give no indication of how the government intends to prove this element of the charged crime.

Discovery produced to date shows that Mr. Augustine had no connection or communication with any member or associate of ISIS or any other FTO. *See* Declaration of Samuel Jacobson in Support of Motion for Bill of Particulars ("Jacobson Decl.") ¶ 4. Though the government lays out in the complaint its evidence of communications between Mr. Augustine and various friends and family members, as well as his travel plans to Tunisia, they have disclosed nothing pointing to an actual connection to ISIS or anyone even remotely affiliated with ISIS that might indicate that when he traveled to Tunisia in February 2016 he was attempting to work under ISIS' "direction or control."

The lack of any allegation of communication or connection with ISIS affiliates is extremely unusual in a material support case. In charging violations of § 2339B(a)(1) under the personnel provision, in the vast majority of cases, the government points to something more than just communication with non-FTO connected friends and family members, statements of independent support—which fail under subsection (h)—and travel plans. There is typically evidence of some contact between the defendant and an alleged member, agent, or related third party of an FTO, or at the very least an undercover agent posing as one.[1] Here, the government has produced no evidence of any contact at all.

If the government is indeed proceeding on a "personnel" theory of support or resources, the government should be required to provide additional information about how it intends to prove the "direction or control" element of the charge. Without further guidance about the basic facts on which the government intends to rely, the defense cannot adequately prepare for trial.

---

[1] *See, e.g.*, *United States v. Kaziu*, 559 F. App'x 32, 36 (2d Cir. 2014) (while overseas, defendant "contacted others in an attempt to travel to Pakistan, Afghanistan, and Somalia to wage jihad"); *United States v. Farhane*, 634 F.3d 127, 140-41 (2d. Cir. 2011) (defendant in contact with a FBI agent posing as a recruiter for al-Qaeda); *United States v. Nagi*, No. 15-2122 (W.D.N.Y. July 31, 2015) (defendant charged with attempted material support for attempting to provide himself as personnel to ISIL; evidence included text and web history indicating he contacted ISIL operatives, and receivd instructions); *United States v. Abdurahman*, 107 F. Supp. 3d 992, 995 (D. Minn. 2015) (conspiracy to provide material support, where members of conspiracy were in "direct contact" with person who had joined ISIL); *United States v. Daud*, No. 15-49(4), 2015 WL 3397960, at *2 (D. Minn. May 26, 2015) (same); *United States v. Kurbanov*, No. 13-120, 2015 WL 9255324, at *1-2 (D. Idaho Dec. 17, 2015) (defendant convicted of conspiracy to provide material support in the form of personnel after he had numerous online communications with representatives of the FTO); *see also United States v. Mustafa*, 406 F. App'x 526, 528 (2d Cir. 2011) (defendant "associated with terrorist groups other than al Qaeda, attended and attempted to attend jihad training camps in other countries, and admitted to killing people while engaged in jihad").

### III.     THE COURT SHOULD ORDER A BILL OF PARTICULARS

Several questions must be answered in order for Mr. Augustine to effectively mount a defense, to be put on proper notice of the crime with which he has been charged, to permit him to adequately challenge the constitutionality of the statute as applied, and to allow him to plead double jeopardy should he be acquitted.  We therefore request that the government be required to file a bill listing the following particulars:

1) Whether the government is proceeding solely on a "personnel" theory of material support and, if so, what facts the government intends to rely on in proving that Mr. Augustine intended to work under ISIS' "direction or control," and what steps he took towards working under their "direction or control."

2) If the government is proceeding on a "personnel" theory of material support, what they allege that Mr. Augustine intended to do when he got to Libya, and what steps he took towards effectuating that intent.

3) If the government seeks to prove that Mr. Augustine intended to provide any non-personnel forms of support or resources, which forms. And whether the government seeks to prove that Mr. Augustine intended to provide any personnel other than himself.

### CONCLUSION

For the foregoing reasons, the Court should grant the motion that the government issue in full the requested bill of particulars.

DATED:      July 14, 2019
            Brooklyn, NY

6

Respectfully Submitted,

/s/
Samuel Jacobson
Allegra Glashausser
Counsel to Bernard Augustine
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 407-7429

Cc: AUSA Craig Heeren (via Email and ECF)
AUSA Michael Keilty (via Email and ECF)
Bernard Augustine (via Mail) (MDC Brooklyn)