**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 2, 2021

<u>By ECF and Email</u>
Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Bernard Augustine</u>, 18-cr-393 (SJ / RML)

Dear Judge Levy:

We write in response to the Court's April 26 Order directing the parties to advise the Court regarding how certain *pro se* communications to Your Honor should be handled. Because the letter is plainly *ex parte* in nature it should not be publicly docketed or provided to the government. That question, however, should be deferred until issues raised in the letter pertaining to our continued representation of Mr. Augustine are resolved. We request that the Court schedule an in person *ex parte* conference to explore those matters further.

As the Court notes, the letter received by the Clerk is addressed directly to Your Honor and it should plainly be viewed as an *ex parte* communication, for review by counsel for the defendant and the Court. *See United States v. Sours Edwards*, No. 19-CR-64-GHW, 2020 WL 6151300, at *2 (S.D.N.Y. Oct. 20, 2020).

As the Court will observe in its review of Mr. Augustine's letter, it functions as an expression of concerns with current counsel and disagreements regarding strategies at the core of his defense. The letter relies almost entirely on privileged attorney-client communications and information and Mr. Augustine has not knowingly waived his right to remain silent and his right to maintain the confidentiality of privileged communications.

Mr. Augustine's letter does not ask for relief of any kind and is not being offered for consideration in connection with any ruling the Court has to issue in this case. Nothing in the letter states that it is to be posted on the public docket. Because it is not relevant to the exercise of a judicial function, it is not a judicial document and therefore not subject to disclosure. *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017) ("only judicial documents are subject to a presumptive right of public access, whether on common law or First Amendment grounds."). The mere filing or submission of something to a court "is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir. 1995); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001). In part for these reasons, courts in this district and others typically do not accept *pro se* motions from represented parties and routinely "send back" *pro se ex parte* communications to defendants. *See, e.g., United States v. Jordan*, 591 F. Supp. 2d 686, 695 (S.D.N.Y. 2008). Therefore, the letter(s) should remain *ex parte.*

But the Court need not resolve the *ex parte* question at this juncture, because the letter raises threshold questions regarding our ability to provide Mr. Augustine with conflict-free representation and whether Mr. Augustine wishes to have new counsel appointed. Mr. Augustine's letter should be viewed by the Court as a "prompt" for an *ex parte* discussion regarding our continued representation. *See Sours Edwards*, 2020 WL 6151300, at *5.

"[W]here a defendant voices a 'seemingly substantial complaint about counsel,' the court should inquire into the reasons for dissatisfaction." *United States v. John Doe No. 1*, 272 F.3d 116, 123 (2d Cir. 2001) ("When, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter.") (citation and emphasis omitted). As such, we would request that the Court schedule a hearing to advise Mr. Augustine of his rights, to inquire whether he wishes to have new counsel appointed, and to explore whether any breakdown in communication has eroded current counsel's ability to provide Mr. Augustine with an adequate defense. *See United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001).

This conference should be held *ex parte* because it will necessarily entail a discussion of defense strategy and privileged information as expressed in Mr. Augustine's letter. *See, e.g., United States v. Aine*, 386 F. App'x 16, 20 (2d Cir. 2010) (holding en *ex parte* conference to explore defendant's reasons for dissatisfaction

with counsel); *Robinson v. United States*, No. 03-CV-1112 (DLC), 2004 WL 324878, at *1 (S.D.N.Y. Feb. 19, 2004) (same); *United States v. Delva*, No. 12-CR-802 KBF, 2015 WL 756919, at *1 n.1 (S.D.N.Y. Feb. 19, 2015) (same). The conference must also be held in person, because the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") does not include *Curcio* or change of counsel hearings among the types of proceedings that may be conducted remotely. *See, e.g.*, *United States v. Moore*, No. 20-CR-563 (JPO), 2020 WL 7495446, at *4 (S.D.N.Y. Dec. 21, 2020).

The Court should defer decision on the questions posed in the Court's April 26 Order until after any issues of our representation of Mr. Augustine are resolved at an in person *ex parte* conference. Thank you for your consideration of this letter.

/s/
Allegra Glashausser
Samuel Jacobson
Sabrina Shroff
Counsel to Bernard Augustine

cc:  all counsel of record (via ECF)