Clerk's Office
Filed Date:

06/16/2021

U.S.
DISTRICT
COURT
EASTERN
DISTRICT OF
NEW YORK
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                    18 CR 393 (SJ) (RML)

        -against-                       MEMORANDUM AND
                                         ORDER

BERNARD RAYMOND AUGUSTINE,

                       Defendant.
-------------------------------------------------------X

**JOHNSON, Senior District Judge:**

       Defendant Bernard Raymond Augustine ("Defendant" or "Augustine") is charged with attempting to provide material support in the form of personnel, namely himself, to the Islamic State of Iraq and al-Sham ("ISIS") pursuant to Title 18, United States Code, Section 2339B. (Dkt. No. 15).[1] According to the indictment, Defendant flew on a one-way ticket from his home in Keyes, California to Tunis, Tunisia with the intention of crossing the border into Libya and joining ISIS. *Id.* ¶ 1.

---

[1] The facts and circumstances surrounding the instant action are set forth in the complaint, indictment, and the parties' briefing. (Dkt. Nos. 1, 15, 36, 37). Familiarity therewith is assumed.

Before the Court is the government's motion for a partially sequestered jury.  (Dkt. No. 126).[2] Specifically, the government requests that the jurors be kept together during recesses and lunch; and that they be escorted to and from the courthouse in a manner to be arranged by the United States Marshals Service. (*Id.*) Based on the submissions of the parties and for the reasons stated herein, the Court DENIES the government's motion.

## DISCUSSION

As a general rule, a district court may order the partial sequestration of a jury upon "(a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991) (affirming the district's court decision to order, *inter alia*, the jury's partial sequestration).

In reviewing a challenge to the use of a partially sequestered jury, a court must "balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *United*

---

[2] In a separate decision, the Court granted the government's motion for an anonymous jury. (Dkt. No. 152).

States v. Prado, No. 10-cr-74 (JFB), 2011 WL 3472509, at *2 (E.D.N.Y. Aug. 5, 2011).  Within these parameters, the decision whether to empanel a partially sequestered jury is left to the district court's discretion. *See United States v. Persico*, 832 F.2d 705, 718 (2d Cir. 1987); *United States v. Cacace*, 321 F. Supp. 2d 532, 534 (E.D.N.Y. 2004).

In a previous order, the Court found that the government sufficiently met its burden in establishing that the jury will need protection and that reasonable precautions will be put into place to minimize prejudicial effects on Defendant and to ensure that his fundamental rights are protected. (Dkt. No. 152). Accordingly, the Court granted the government's motion for an anonymous jury. (*Id.*) The Court finds, however, that the additional safety enhancement the government requests is unfeasible given the challenges of the COVID-19 pandemic and the economic constraints on the federal judiciary.

In the current climate, partial sequestration presents an unacceptable risk to the health and safety of the jurors and to the court staff charged with partially sequestering the jury. To date, less than fifty percent of New Yorkers are fully vaccinated. *See* See How Vaccinations Are Going in Your County and State, N.Y. TIMES,  https://www.nytimes.com/interactive/2020/us/covid-19-vaccine-doses.html (last visited May 21, 2021). The Centers for Disease Control

and Prevention ("CDC") warn that unvaccinated people are at risk for contracting COVID-19 and recommend that unvaccinated people social distance, i.e. remain six feet away from people not in their household both inside and out. *See* Things to Know About the Covid-19 Pandemic, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last visited May 21, 2021). Partial sequestration makes this nearly impossible. In particular, the government's request that the jurors be escorted to and from the courthouse would require jurors to be in close contact with, at minimum, one non-household person for the duration of the trial.

The economic demands of partially sequestering a jury for a two-week trial also militate against the government's request. *See United States v. Spicer*, 2013 WL 5278338 (E.D.N.Y. 2013) ("[a] [c]ourt must be mindful of today's economic climate"). The cost of sequestering a jury is not insubstantial. *Id.* The trial costs of two single-defendant cases in this courthouse, *United States v. Basciano*, 05-cr-60 (NGG), and *United States v. Wilson*, 04-cr-1016 (NGG), were between $3 and $4 million each. *Id.* The costs today are even higher, as the Eastern District has implemented costly COVID-19 safety protocols that do not even contemplate the expense of partially sequestering a jury and maintaining proper social

distancing. *See* <u>Plan for Resumption of Jury Trials</u>, Eastern District of New York, https://www.nyed.uscourts.gov/ (last visited May 21, 2021).

## CONCLUSION

For the foregoing reasons, the Court DENIES the government's motion to partially sequester the jury.

SO ORDERED.

DATED: June 16, 2021
Brooklyn, New York

signed Sterling Johnson, Jr., U.S.D.J.

Sterling Johnson, Jr, U.S.D.J.