# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

August 22, 2021

<u>VIA ECF and EMAIL</u>
Hon. Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1201

                                                                                      Re:    *U.S. v. Bernard Augustine*
                                                                                                         18 Cr. 393 (SJ)

Dear Judge Johnson:

      This letter motion is submitted on behalf of our *pro se* defendant, Bernard Augustine, requesting that the indictment be dismissed for lack of venue in the Eastern District.[1]

      Venue is not a mere technicality. The Sixth Amendment unambiguously requires that any criminal prosecution be brought in the "state and district wherein *the crime shall have been committed*." U.S. Const. 6th Am. Therefore, the Supreme Court has consistently held that courts "must initially identify *the conduct* constituting the offense (the nature of the crime) and then discern the location of *the commission of the criminal acts*." *United States v. Rodriguez–Moreno*, 526 U.S. 275, 279 (1999) (emphasis added). Here, the government has offered nothing to support the notion that venue is proper in the Eastern District of New York, a requirement that was recently reaffirmed in the Second Circuit, in *U.S. v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020). For the reasons that follow, venue is not proper in this district and the case against Mr. Augustine must be dismissed.

---

[1] Because Mr. Augustine is proceeding *pro se*, we submit this motion, subject to his approval – which could not be obtained over the weekend.

Legal Standards

Unlike 18 U.S.C. § 2339(A), § 2339(B) does not include a venue component. The government cannot, however, rely on 18 U.S.C. § 3238, a more general venue statute, because this section governs "[o]ffenses not committed in any district," stating:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

The court in *United States v. Abu Ali,* 2005 WL 2171448, at *2 (E.D. Va. Sept. 6, 2005), applied § 3238 to a prosecution brought under 18 U.S.C. § 2339B. In that case, unlike Mr. Augustine's case, *all* of the conduct took place in "the Kingdom of Saudi Arabia, and not in any state or judicial district of the United States." The Court in the Eastern District of Virginia wrote:

> The government has met the initial burden of proving that venue is proper in the Eastern District of Virginia by statute. 18 U.S.C. § 3238 states that venue is proper for all offenses begun or committed outside the jurisdiction of any state or district "in the district in which the offender ... is arrested or is first brought." Id. The indictment alleges that the crimes that Mr. Abu Ali committed took place in the Kingdom of Saudi Arabia, and not in any state or judicial district of the United States. Mr. Abu Ali was first brought to the United States to the Eastern District of Virginia. Consequently, the government properly alleges venue under 18 U.S.C. § 3238.

Here, the government alleges that Mr. Augustine's criminal conduct began in California. Thereafter, the government charges that Mr. Augustine continued his criminal activity while abroad. Following his arrest in Tunisia, Mr. Augustine was

brought back to the U.S. via JFK Airport. Where venue would lie in a particular district, the general venue law applies, which is: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

The legal standard required to establish venue is not the same as the standard for establishing jurisdiction. As to jurisdiction, it is sufficient to satisfy this element as long as the government can establish that the defendant was brought into the United States after the conduct required for the offense occurred. To find that venue is proper requires more.

Recently, the Second Circuit rejected the argument that venue was proper in a case involving sex trafficking, where all of the activity occurring outside of the Southern District. *Purcell*, 967 F.3d 159 (2020). In *Purcell*, the Second Circuit concluded that venue is proper only where the acts constituting the offense – the crime's essential conduct elements – took place. Venue, it wrote, is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense. [The Second Circuit] has set forth a two-step inquiry for analyzing venue:

> First, we seek to identify the conduct constituting the offense based on the language of the statute. Second, we discern the location of the commission of the criminal acts. Venue may lie in multiple districts if the acts constituting ` the crime and the nature of the crime charged implicate more than one location.

*United States v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020) (internal quotation marks and citation omitted) (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989), *United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005), *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012) and *United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016)); *see also Rodriguez–Moreno,* 526 U.S. at 279.

Here, the record is devoid of any evidence that Augustine had, or ever intended, any contact with the Eastern District. Indeed, the government can advance no theory that would require any contact from, through or within this district. Indeed, the government has failed to even articulate a basis for asserting venue. Rather, it claims that jurisdiction is properly fixed in the EDNY as long as the government can establish that the defendant was brought into the United States after the conduct required for the offense occurred. Since Mr. Augustine's activities, as alleged, were all undertaken in California or Tunisia, long before government agents brought him into the Eastern District, there is no basis for the government's assertion that venue legitimately rests herein. Here, it is uncontested that none of the conduct constituting the charged offense took place in the EDNY.

Venue relies on the notion that it is proper wherever it is "reasonably foreseeable" that an act in furtherance of the charged conduct may occur. Here, the government has adduced no evidence to establish that venue is properly found in the Eastern District. Thus, the government's theory, such as it is, finds no support in law.

In light of the differing statutory construction between Sections 2339(A) and 2339(B), and in light of U.S. v. *Purcell*, it is clear that the government has failed to even establish even a colorable theory upon which venue would be proper in the EDNY. Accordingly, Mr. Augustine's motion pursuant to Rule 29(b) must be granted and the case must be dismissed.

Respectfully submitted on behalf of Bernard Augustine,

*Susan G. Kellman*
Susan G. Kellman

/s/
Gary Villanueva