# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 18-CR-00393 (RER) (RML)

_____

UNITED STATES OF AMERICA

VERSUS

BERNARD RAYMOND AUGUSTINE

_____

**MEMORANDUM & ORDER**

_____

**RAMÓN E. REYES, JR., District Judge:**

Bernard Raymond Augustine ("Augustine"), currently incarcerated at FCI Cumberland, filed a letter seeking reversal of his conviction. (ECF No. 223). The relief Augustine seeks should be pursued by way of a habeas motion pursuant to 28 U.S.C. § 2255. The Court cannot, however, construe Augustine's letter as a habeas motion without first providing Augustine an "*Adams* warning" and affording him the opportunity to withdraw his motion, rather than having it so recharacterized.

Accordingly, Augustine is granted sixty (60) days to inform the Court in writing if he wishes to withdraw the motion, or, if Augustine chooses not to withdraw his motion, file an amended motion under 28 U.S.C. § 2255 stating facts demonstrating that his motion is timely or that the doctrine of equitable tolling should apply. Augustine is advised that if he chooses to have his letter construed as a section 2255 motion, he may be precluded from further habeas review should he seek to file another such motion in the future. If Augustine fails to comply with this Order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

## BACKGROUND

On August 23, 2021, a jury convicted Augustine of attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. (ECF No. 199). On April 14, 2022, the Honorable Sterling R. Johnson entered judgment against Augustine, sentencing him to 240 months' imprisonment to be followed by lifetime supervised release.[1] (ECF No. 210).

On May 19, 2026, the Court received a handwritten letter from Augustine, dated May 13, 2026. (ECF No. 223). Augustine, *pro se*, writes: "I ask the court to reverse the conviction against me in accordance with the decision in (United States v. Ullah)." (*Id.* at 2). The Court presumes this is a reference to *United States v. Ullah*, 173 F.4th 399 (2d Cir. 2026). The threshold question before this Court is how to properly characterize Augustine's letter motion. Augustine did not appeal his conviction and has not previously filed a motion pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Under 28 U.S.C § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "Relief generally is available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Shand v. United States*, No. 14-CV-1743 (DLI), 2018 WL 1598608, at *3 (E.D.N.Y. Mar. 30, 2018) (citation omitted).

---

[1] This matter was reassigned to me on January 9, 2024. (Order Reassigning Case, dated 01/09/2024).

## DISCUSSION

I.      Timeliness and Equitable Tolling

A one-year statute of limitations governs section 2255 motions. The period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not appeal his judgment of conviction, Augustine's judgment of conviction became final on April 28, 2022—fourteen days after the judgment was entered. *See* Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within fourteen days of entry of judgment); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Unless Augustine alleges facts showing that any of the other three benchmarks operate as the beginning of the limitations period, April 28, 2023, one year after the judgment of conviction became final, was the date by which Augustine was required to file a section 2255 motion. Therefore, his motion would be dismissed as untimely.

Under certain circumstances, the doctrine of equitable tolling may be applied to extend the limitations period for filing a section 2255 motion. "Equitable tolling pauses the running of . . . a statute of limitations when a litigant has pursued his rights diligently but

3

some extraordinary circumstance prevents him from bringing a timely action." *Escribano v. United States*, No. 16 Crim. 826-7 (LTS), 2022 WL 1135018, at *3 (S.D.N.Y. Apr. 18, 2022) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). "It applies only in rare and exceptional circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up)). To establish equitable tolling, a movant "must show a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [movant], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde*, 224 F.3d at 134).

If Augustine chooses to have his letter construed as a section 2255 motion, the Court grants him leave to file an amended section 2255 motion within sixty (60) days of this Order, and directs him to state facts demonstrating that his motion is timely or that the doctrine of equitable tolling applies.

II.    *Adams* Warning

The Court cannot construe Augustine's letter as a section 2255 motion without his consent. In *Adams v. United States*, the Court of Appeals for the Second Circuit held that

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

155 F.3d 582, 584 (2d Cir. 1998) (per curiam). The United States Supreme Court later held that

> [i]n such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this

4

recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375, 383 (2003).

The Court hereby gives *Adams* notice to Augustine. The relief Augustine seeks, to reverse his conviction in accordance with *United States v. Ullah*, may be his only opportunity to seek habeas corpus relief challenging his conviction or sentence. "Thus, any subsequent § 2241 petition or § 2255 motion filed by Defendant, wherein he challenges either the execution or imposition of his abovementioned federal sentence, could be considered a 'second or successive' petition or motion under the [Antiterrorism and Effective Death Penalty Act of 1996]." *United States v. Boghosian*, No. 05 Crim. 351-01 (LAP), 2010 WL 11651994, at *2 (S.D.N.Y. May 13, 2010).

"Pursuant to *Adams*, [Augustine] is granted the opportunity to withdraw his motion to protect that opportunity, or to file an amended petition setting forth all the habeas claims he believes he has." *United States v. Lopez*, No. 12-CR-358 (KAM), 2020 WL 2063420, at *4 (E.D.N.Y. Apr. 29, 2020). Augustine has sixty (60) days to indicate whether he withdraws his motion rather than have it recharacterized as a section 2255 motion, or file an amended motion.

As discussed above, Augustine is warned that even if he brings a motion pursuant to section 2255, it would be dismissed as untimely unless he can demonstrate statutory or equitable tolling.

5

**CONCLUSION**

Augustine is directed to comply with this Order as set forth above. Within sixty (60) days of the date of this Order, Augustine must either notify the Court in writing if he wishes to withdraw the motion, or, if Augustine chooses not to withdraw his motion, file an amended motion under 28 U.S.C. § 2255 stating facts demonstrating that his motion is timely or that the doctrine of equitable tolling applies. If Augustine fails to comply with this Order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

The Clerk of Court is respectfully directed to update Augustine's address on the docket to reflect that he is currently held at FCI Cumberland. The Clerk of Court is further directed to mail a copy of this Order to Augustine at FCI Cumberland, Federal Correctional Institution, P.O. BOX 1000, Cumberland, MD 21501and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 4, 2026
        Brooklyn, New York